■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERBERT WASHINGTON, Appellant, v EKPE D. EKPE, as Superintendent of Riverview Correctional Facility, et al., Respondents. [831 NYS2d 594]—

Kane, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered January 5, 2006 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

Following his conviction of manslaughter in the first degree, petitioner was sentenced to a prison term of 12½ to 25 years. Released to parole supervision in 2002, in 2004 he was arrested and charged with rape and sodomy. The circumstances resulting

---

* This category does not distinguish between adult and minor victims.

in petitioner's arrest also led to a charge that he violated the condition of his parole prohibiting him from violating any law or threatening the safety of others. Although the criminal charges were ultimately dismissed, following a final revocation hearing an Administrative Law Judge (hereinafter ALJ) found a parole violation and recommended that petitioner be imprisoned until the maximum expiration date of his sentence. When the ALJ's determination was administratively affirmed, petitioner commenced this habeas corpus proceeding. Supreme Court dismissed his petition and this appeal ensued.

We affirm. "The notice of [parole] violation . . . shall state what conditions of parole or conditional release are alleged to have been violated and in what manner" (9 NYCRR 8005.3 [b]). Petitioner contends that the notice of violation insufficiently detailed the behavior alleged to have violated a condition of parole and the alleged behavior was not proven at the hearing. The notice of parole violation, which identified by number the parole condition that petitioner violated and specified conduct by petitioner constituting forcible rape, sufficiently informed him of the criminal conduct underlying his parole violation even though the ALJ ultimately found that he attempted to commit the rape but was unable to consummate it (*see Matter of Kirk v Hammock*, 119 AD2d 851, 852-853 [1986] [parole violation charge of murder sustained where parolee found to have only committed criminally negligent homicide]). While petitioner's version of events differed considerably from the complainant's, credibility determinations are within the province of the ALJ (*see Matter of Kovalsky v New York State Div. of Parole*, 30 AD3d 679, 680 [2006]). Accepting the ALJ's credibility findings, the proof was sufficient to establish that petitioner attempted to rape the complainant and thus violated the noticed condition of parole (*see Matter of Kirk v Hammock, supra* at 853). Dismissal of the criminal charges against petitioner does not preclude revocation of parole for the same conduct (*see Matter of Davidson v New York State Div. of Parole*, 34 AD3d 998, 999 [2006], *lv denied* 8 NY3d 803 [2007]). Petitioner's remaining contentions are unavailing.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.