■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEVEN JUDE, Appellant, v WARDEN, RIKERS ISLAND CORRECTIONAL FACILITY, et al., Respondents. [850 NYS2d 52]—

Order, Supreme Court, Bronx County (Denis J. Boyle, J.), entered October 25, 2006, which denied the petition for a writ of habeas corpus, unanimously affirmed, without costs.

Petitioner asserts that the official who prepared the violation report was simply a "parole revocation specialist," and not a "parole officer" within the meaning of 9 NYCRR 8004.2 (a) and Executive Law § 259-i (3) (a) (i). The duties of a parole officer include "representation of the Division of Parole at preliminary and final revocation hearings" (9 NYCRR 8000.2 [j]). It is uncontested that the parole revocation specialist also performed that duty. Moreover, the Division's interpretation of its own regulation, if not irrational or unreasonable, is entitled to deference (*Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545, 548-549 [1997]). Even if a parole revocation specialist is not a parole officer, this regulation involves no more than "procedural housekeeping" and does not present a substantive violation of petitioner's statutory or due process rights (*see People ex rel. Cooper v Brunelle*, 229 AD2d 1007 [1996], *lv denied* 88 NY2d 814 [1996]; *People v Dyla*, 142 AD2d 423, 441 [1988], *lv denied* 74 NY2d 808 [1989]). Petitioner does not argue that he did not receive proper notice of the charged violations under 9 NYCRR 8005.3 (*see People ex rel.*

*Washington v Ekpe*, 38 AD3d 1100 [2007], *lv denied* 9 NY3d 802 [2007]), or that he was denied an opportunity to be heard. His arguments regarding bad faith are purely speculative, especially in the absence of convincingly articulated prejudice. Concur—Lippman, P.J., Buckley, Gonzalez and Sweeny, JJ.