■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD BLACK, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents. [864 NYS2d 189]—

Appeal from a judgment of the Supreme Court (O'Shea, J.), entered December 19, 2007 in Chemung County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Following his conviction of criminal possession of a controlled substance in the fourth degree, petitioner was sentenced as a second felony drug offender to $2^{1}/_{2}$ years in prison, to be followed by two years of postrelease supervision. The sentence and commitment order directed that petitioner serve his time under parole supervision at Willard Drug Treatment Center in Seneca County (hereinafter the Center). He agreed to the terms of his release and was received at the Center as a judicially sanctioned parolee on May 19, 2006. Petitioner, however, subsequently violated the terms of his release by failing to complete the drug treatment program at the Center and by threatening a correction officer. He was served with a notice of violation and, following a hearing in January 2007, his parole was revoked and a delinquent time assessment of 24 months was imposed. Thereafter, petitioner commenced this habeas corpus proceeding challenging his detention following the revocation of his parole. Supreme Court denied the application without a hearing and this appeal ensued.

In support of his application, petitioner asserts that the revocation of his parole was improper because he was not given a competent mental health evaluation prior to being sentenced to mandatory participation in the drug treatment program. Inasmuch as petitioner's claim directly implicates the sentence, it could have been raised on direct appeal or in a CPL article 440 motion and, therefore, habeas corpus relief is unavailable (*see People ex rel. Johnson v Lacy*, 243 AD2d 915 [1997], *lv denied* 91 NY2d 806 [1998]). Furthermore, even if petitioner's claim were true, he would not be entitled to immediate release from prison and habeas corpus relief is unavailable for this reason as well (*see People ex rel. Price v West*, 30 AD3d 852, 853 [2006]). Accordingly, Supreme Court properly denied petitioner's application.

Peters, J.P., Rose, Kane, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.