■ In the Matter of ALLEN MACK, Petitioner, v GEORGE B. AL-EXANDER, as Chair of the New York State Division of Parole, Re-spondent. [877 NYS2d 507]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

While serving a prison sentence for rape in the first degree, petitioner was released on parole in September 2005. In December 2005, petitioner was charged with violating the terms of his parole in various respects. There were initially six charges, and two more were subsequently added. A hearing was ulti-mately held only on the eighth charge, which alleged that petitioner punched a correction officer while he was incarcer-ated awaiting a hearing on the parole revocation charges. Fol-lowing the hearing, an Administrative Law Judge sustained that charge and ordered that petitioner be held until the maximum expiration date of his sentence. Following an unsuc-cessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging various aspects of his parole revocation.*

We confirm. Initially, petitioner raises a variety of issues

* Petitioner has been released from prison due to the expiration of his sentence, but such does not render this proceeding moot, as "petitioner was found to have been a parole violator which may have lasting consequences de-spite the expiration of his sentence" (*Matter of Biondo v New York State Bd.*

regarding the parole revocation charges and the preliminary hearing on those charges. Petitioner made similar arguments in a separate habeas corpus proceeding that was ultimately dismissed (*People ex rel. Mack v Warden, Rikers Is. Correctional Facility*, 55 AD3d 426 [2008], *lv denied* 11 NY3d 715 [2009]). Petitioner, as a result, is precluded from relitigating both the issues raised by him in that proceeding and new arguments related to the charges and preliminary hearing (*see Matter of Allen v New York State Div. of Parole*, 252 AD2d 691, 691-692 [1998]; *Matter of McAllister v Division of Parole of N.Y. State*, 186 AD2d 326, 327 [1992]). Petitioner did not challenge the parole revocation itself in that CPLR article 70 proceeding and, indeed, could not have because his petition predated the completion of the revocation hearing and the revocation itself. As such, petitioner's challenges to the revocation hearing and revocation are not precluded (*see Matter of Tucci v Ambach*, 110 AD2d 1014, 1015 [1985]).

Turning to the merits, "a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination" (*Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992 [1998], *lv dismissed* 93 NY2d 886 [1999]; *see Matter of Santiago v Dennison*, 45 AD3d 994, 995 [2007]). Based upon our review of the record, substantial evidence to support the Board's determination exists in the correction officer's testimony that petitioner punched her. Petitioner's testimony differed from that of the correction officer's, but "it is within the province of the Board to resolve issues of credibility, and to determine the relative weight to be assigned to the evidence" (*Matter of Kovalsky v New York State Div. of Parole*, 30 AD3d 679, 680 [2006] [citations omitted]).

We have examined petitioner's remaining arguments and, to the extent they may properly be considered, find them to be without merit.

Cardona, P.J., Mercure, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

*of Parole*, 60 NY2d 832, 834 [1983]; *see Matter of Moore v Alexander*, 53 AD3d 747, 748 n 1 [2008], *lv denied* 11 NY3d 710 [2008]; *Matter of Williams v New York State Bd. of Parole*, 225 AD2d 490, 491 [1996], *lv denied* 88 NY2d 810 [1996]).