THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL GONZALEZ, Appellant, v D.E. LaCLAIR, as Superintendent of Franklin Correctional Facility, et al., Respondents. [881 NYS2d 554]—

Garry, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered January 2, 2009 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Following a final parole revocation hearing in October 2007, petitioner's parole was revoked and a 24-month time assessment was imposed based upon his possession of alcoholic beverages, being away from his residence after curfew and leaving the county without permission. Petitioner thereafter commenced this habeas corpus proceeding challenging the Board of Parole's determination. Supreme Court dismissed the petition, prompting this appeal.

We affirm. Petitioner argues that he was denied the opportunity to confront an unidentified telephone caller and his girlfriend's son, both of whom reportedly told his parole officer that he had been drinking. However, the record demonstrates that both statements were introduced not for their truth, but only to explain why the parole officer visited petitioner's residence on multiple occasions. Accordingly, the statements were not hearsay and their admission did not violate petitioner's right to confront witnesses (*see People ex rel. McGee v Walters*, 62 NY2d 317, 322 [1984]; *Matter of Pugh v New York State Bd. of Parole*, 19 AD3d 991, 993-994 [2005], *lv denied* 5 NY3d 713

[2005]; *see also People v Reynolds*, 46 AD3d 845, 845 [2007], *lv denied* 10 NY3d 844 [2008]).

Addressing the charges themselves, a determination revoking parole will be upheld if "there is evidence which, if credited, would support such determination" (*Matter of Mack v Alexander*, 61 AD3d 1222, 1223 [2009] [internal quotation marks and citation omitted]; *see People ex rel. Fahim v Lacy*, 266 AD2d 612, 612 [1999], *lv denied* 94 NY2d 759 [2000]). Ample evidence exists in the record to conclude that petitioner possessed alcohol, was away from his residence after curfew and left the county without permission. Petitioner disputed those claims in various respects, but this created a credibility issue for the Board to resolve (*see People ex rel. Fahim v Lacy*, 266 AD2d at 612).

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.