■ In the Matter of ANTHONY SIMPSON, Petitioner, v GEORGE B. ALEXANDER, as Chair of the New York State Division of Parole, Respondent. [882 NYS2d 342]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Board of Parole which revoked petitioner's parole.

In 1993, petitioner was convicted of manslaughter in the first degree and was sentenced to 7 to 21 years in prison. In July 2006, he was released to parole supervision. Thereafter, he was involved in a physical altercation with his girlfriend while he was intoxicated, after which he was arrested and charged with assault in the third degree. As a consequence of this incident, petitioner was charged with violating various conditions of his parole, including, among others, those prohibiting him from consuming alcohol and violating the law or threatening the safety of others. After petitioner waived his right to a preliminary parole revocation hearing, a final parole revocation hearing was held. At the conclusion of the hearing, the Administra-

tive Law Judge sustained the charges and recommended that petitioner's parole be revoked and that he be held until his maximum expiration date. The Board of Parole affirmed this decision and this CPLR article 78 proceeding ensued.

Initially, "[i]t is well settled that a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination" (*Matter of Rago v Alexander*, 60 AD3d 1123, 1123 [2009] [internal quotation marks and citations omitted]). We note that it is the province of the Board to resolve credibility issues and to determine the relative weight to be accorded the evidence (*see Matter of Santiago v Dennison*, 45 AD3d 994, 995 [2007]; *Matter of Kovalsky v New York State Div. of Parole*, 30 AD3d 679, 680 [2006]).

Here, the police officers who responded to the scene of the domestic dispute testified that, when they arrived, the victim had an open wound on her face and that she indicated that petitioner had hit her. This was substantiated by the written statement provided by the victim as part of the domestic incident report, as well as the testimony of the parole officer who investigated the incident. In addition, the officers testified that petitioner exhibited many signs of intoxication, including urinating in the patrol car after he was taken into custody, and admitted that he had been drinking and had struck the victim. The foregoing provides substantial evidence to support the determination of guilt with respect to the parole violations at issue (*see Matter of Currie v New York State Bd. of Parole*, 298 AD2d 805, 805 [2002]). The contrary testimony of petitioner and the victim's recantation of her prior written statement presented credibility issues for the Administrative Law Judge to resolve. Finally, we reject petitioner's claim that evidence of his arrest was improperly considered because he was eventually acquitted of the criminal charge. An acquittal does not preclude a revocation of parole based upon the same conduct (*see People ex rel. Washington v Ekpe*, 38 AD3d 1100, 1101 [2007], *lv denied* 9 NY3d 802 [2007]).

Mercure, J.P., Rose, Kane, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.