■ In the Matter of MICHAEL D'ONOFRIO, Petitioner, v CHAIR OF NEW YORK STATE DIVISION OF PAROLE, Respondent. [890 NYS2d 659]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

Petitioner was charged with violating the conditions of his parole when he, among other things, refused to obey a request by parole officers to open the door to his apartment. He waived his

right to a preliminary hearing. Following a final parole revocation hearing, his parole was revoked. Petitioner filed an administrative appeal and commenced this CPLR article 78 proceeding when a timely response was not received.

"It is well settled that 'a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination' " (*Matter of Williams v New York State Div. of Parole*, 23 AD3d 800, 800 [2005], quoting *Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992 [1998], *lv dismissed* 93 NY2d 886 [1999]). Here, the evidence presented at the final parole revocation hearing provides substantial evidence supporting the determination revoking petitioner's parole. The parole officers who sought to gain entry to petitioner's apartment testified that, although they heard noise coming from inside the apartment, they had to knock on the door for approximately 15 minutes before petitioner finally opened it. Petitioner's claim that he was sleeping with his iPod in his ears and did not hear the officers presented a credibility issue for the Administrative Law Judge to resolve (*see Matter of Faulkner v New York State Div. of Parole*, 25 AD3d 1047, 1048 [2006]), especially considering that one officer testified that the bed did not appear to have been slept in and that no iPod was found. Petitioner's remaining contentions have not been preserved for our review.

Cardona, P.J., Peters, Lahtinen, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.