■ The People of the State of New York ex rel. Andre D. Muhammad, Appellant, v Mark Bradt, as Superintendent of Elimra Correctional Facility, et al., Respondents. [890 NYS2d 726]—

In 1991, petitioner was convicted of attempted murder in the second degree, robbery in the first degree, criminal use of a firearm in the first degree, assault in the second degree and criminal trespass in the first degree and was sentenced to an aggregate prison term of 11 to 23 years, with a maximum expiration date of March 2, 2014. Petitioner was conditionally released to parole supervision in December 2006. In July 2007, petitioner was charged with violating the conditions of his parole after he allegedly admitted to both using cocaine on two separate occasions and taking part in an illegal narcotics operation. Following a final parole revocation hearing in September 2007, petitioner's parole was revoked and a 36-month time assessment was imposed. Petitioner thereafter commenced this habeas corpus proceeding challenging the determination of the Board of Parole. Supreme Court dismissed the petition and this appeal ensued.

A determination to revoke parole will not be disturbed if " 'the procedural requirements were followed and there is evidence which, if credited, would support such determination' " (*Matter of Simpson v Alexander*, 63 AD3d 1495, 1496 [2009], quoting *Matter of Rago v Alexander*, 60 AD3d 1123, 1123

[2009]). The record provides substantial evidence to support the Board's determination in the form of petitioner's signed acknowledgments, dated June 27, 2007 and July 11, 2007, that he used cocaine, as well as the testimony of petitioner's parole officer and two fellow officers that, on the latter date, petitioner stated that his positive test was the result of his packaging drugs while in the employ of a drug dealer (*see Matter of Ciccarelli v New York State Div. of Parole*, 11 AD3d 843, 844 [2004]). To the extent that petitioner testified that he signed the forms merely to acknowledge that the tests had shown a positive result, and that the other officers were not present when he allegedly admitted to his drug dealing activity, this presented an issue of credibility for the Board to resolve (*see Matter of Simpson v Alexander*, 63 AD3d at 1496; *Matter of Mack v Alexander*, 61 AD3d 1222, 1223 [2009]). While petitioner also seeks to challenge the length of his time assessment, habeas corpus relief is not appropriate because, even if his contentions have merit, he would not be entitled to immediate release from prison (*see People ex rel. Malik v State of New York*, 58 AD3d 1042, 1043 [2009], *appeal dismissed* 13 NY3d 815 [2009]; *People ex rel. Black v New York State Bd. of Parole*, 54 AD3d 1077, 1078 [2008]).

Petitioner's remaining contentions have been examined and determined to be without merit.

Mercure, J.P., Rose, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.