■ In the Matter of ANTHONY LEWIS, Petitioner, v GEORGE ALEXANDER, as Chair of the Division of Parole, Respondent. [890 NYS2d 730]—

In 2004, petitioner was convicted of two felonies and sentenced to concurrent prison terms of 4½ to 9 years. In August 2006, he was released to parole supervision. In February 2007, petitioner was charged with violating the terms of his parole by, among other things, assaulting and raping a female acquaintance and possessing marihuana. Following a final parole revocation hearing, an Administrative Law Judge sustained three charges and recommended that petitioner's parole be revoked and he be held until his maximum expiration date. The Board of Parole affirmed that decision, prompting petitioner to commence this proceeding.

We confirm. Courts will uphold a determination to revoke parole if "the procedural requirements were followed and there is evidence which, if credited, would support such determination" (*Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992 [1998], *lv dismissed* 93 NY2d 886 [1999]; *see Matter of Simpson v Alexander*, 63 AD3d 1495, 1496 [2009]). Here, the testimony of the victim provided substantial evidence to support the determination that he assaulted and raped her. Petitioner's contrary testimony raised an issue of credibility that was within the province of the Board to resolve (*see Matter of Simpson v Alexander*, 63 AD3d at 1496; *People ex rel. Gonzalez v LaClair*, 63 AD3d 1493, 1494 [2009], *lv denied* 13 NY3d 705 [2009]). The charge that petitioner possessed marihuana was amply supported by petitioner's positive drug test, his signed admission and his own testimony.

Contrary to petitioner's contention, there is no indication

that the Board failed to review his case as required by 9 NYCRR 8005.21. The Board does not advise a parolee that his or her matter is under review (*see* 9 NYCRR 8005.21 [a]), and notice is not provided unless the review results in a reduction of the time assessment imposed (*see* 9 NYCRR 8005.21 [c]). We have examined petitioner's remaining contentions and find them to be without merit.

Peters, J.P., Rose, Kane, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.