■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSE CRESPO, Appellant, v BRUCE YELICH, as Superintendent of Bare Hill Correctional Facility, et al., Respondents. [896 NYS2d 499]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered June 29, 2009 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was convicted of burglary in the third degree and received a prison sentence. He was released to parole supervision in 2007 and, following a domestic dispute with his wife, was charged with violating certain conditions of that parole. Following a final revocation hearing, an Administrative Law Judge (hereinafter ALJ) sustained the majority of the charges, revoked petitioner's parole and imposed a 40-month delinquent time assessment. Petitioner took an administrative appeal and, when he did not receive a response within four months, he commenced this proceeding for a writ of habeas corpus. Supreme Court denied the application and this appeal ensued.

We affirm. Initially, petitioner contends that his due process rights were violated by the ALJ's failure to read the charges against him at the final revocation hearing as required (*see* Executive Law § 259-i [3] [f] [vi]; 9 NYCRR 8005.19 [a]). Petitioner had previously received a copy of the written charges, however, and his attorney reviewed the charges at the final revocation hearing, stated that petitioner was aware of his rights and pleaded not guilty to the charges without demanding that they be read. Under these circumstances, petitioner knowingly and intelligently waived his right to a reading (*see Matter of Abdullah v State of N.Y. Exec. Dept., Bd. of Parole,* 217 AD2d 546 [1995]; *see also People ex rel. Clanton v Smith,* 105 AD2d 1123, 1124 [1984], *lv denied* 64 NY2d 606 [1985]).

With regard to the merits, "a determination revoking parole will be upheld if there is evidence which, if credited, would support such determination" (*People ex rel. Gonzalez v LaClair,* 63 AD3d 1493, 1494 [2009], *lv denied* 13 NY3d 705 [2009] [internal

---

quotation marks and citations omitted]). Here, the testimony of a State Trooper and a family friend, both of whom saw portions of the domestic dispute, provided substantial evidence to support the ALJ's findings that petitioner assaulted his wife, failed to cooperate with the police and was under the influence of alcohol (*see Matter of Simpson v Alexander*, 63 AD3d 1495, 1496 [2009]). Petitioner's wife attempted to minimize the incident in her testimony, but such presented a credibility issue for the ALJ to resolve (*see id.*; *Matter of Ariola v New York State Div. of Parole*, 62 AD3d 1228, 1229 [2009], *lv denied* 13 NY3d 707 [2009]).

Petitioner's remaining challenge to the length of the time assessment imposed, even if meritorious, would not entitle him to habeas corpus relief under the circumstances presented here (*see People ex rel. Muhammad v Bradt*, 68 AD3d 1391, 1392 [2009]).

Mercure, J.P., Peters, Rose, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.