In the Matter of JAMES HURD, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [898 NYS2d 378]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

In 2001, petitioner was convicted of the crimes of rape in the second degree and rape in the third degree and was sentenced, respectively, to consecutive prison terms of 2⅓ to 7 years and 1 to 3 years. In October 2007, he was released to parole supervision. He was subject to a number of conditions as part of his release, including that he obey the instructions of his parole officer. In March 2008, petitioner was charged with four parole violations. Following a preliminary parole revocation hearing and then a final parole revocation hearing, the Administrative Law Judge concluded that petitioner violated his parole by disobeying his parole officer's direction not to have contact with a woman who he wished to pursue romantically. The Board of Parole adopted the Administrative Law Judge's decision, revoked petitioner's parole and imposed a 15-month time assessment. This decision was later affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

Preliminarily, we note that "a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination" (*Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992 [1998], *lv dismissed* 93 NY2d 886 [1999]; *see Matter of Lewis v Alexander*, 68 AD3d 1415 [2009]; *Matter of Simpson v Alexander*, 63 AD3d 1495, 1496 [2009]). "To that end, it is within the province of the Board to weigh conflicting evidence and resolve any credibility issues" (*Matter of Tanner v New York State Div. of Parole*, 60 AD3d 1225, 1225 [2009] [citations omitted]; *see Matter of Simpson v Alexander*, 63 AD3d at 1496). Here, petitioner testified that, in December 2007, he became friendly with a woman who worked at a local convenience store and developed a romantic interest in her. He disclosed this to his parole officer during a meeting on March

12, 2008, at which time the officer stated that he instructed petitioner not to have any contact with the woman. It is undisputed, however, that subsequent to this meeting, petitioner had sexual relations with the woman and was present at her home during a domestic dispute. While petitioner testified that his parole officer never instructed him not to have contact with the woman, this presented a credibility issue for the Board to resolve (*see Matter of Mack v Alexander*, 61 AD3d 1222, 1223 [2009]). In view of the foregoing, we find that the evidence supports the determination that petitioner violated a condition of his parole. We have considered his remaining contentions and find them to be unavailing.

Mercure, J.P., Peters, Spain, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.