■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERIC WADE CLARK, Appellant, v JAMES WALSH, as Superintendent of Sullivan Correctional Facility, Respondent. [903 NYS2d 170]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered September 4, 2009 in Sullivan County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1983, petitioner abducted a 12-year-old girl at gunpoint, raped and sodomized her, then forced her into a suitcase and abandoned her. He subsequently pleaded guilty to rape in the first degree and kidnapping in the second degree and was sentenced to a prison term of 8⅓ to 25 years.* As a condition of his release to parole supervision in 2003, petitioner agreed that he would "not own, be in possession of or be in close proximity of any items that could be considered as children's paraphernalia. This includes but is not limited to children's toys, books, or items that may be considered of interest to children." In 2007, petitioner was charged with violating this condition after two

* While incarcerated, petitioner pleaded guilty to acts related to the kidnapping and sexual assault of a 10-year-old girl in Illinois in 1982.

parole officers conducting a routine home visit discovered a child-size hat depicting two cartoon characters in his apartment. The violation was sustained following a final parole revocation hearing, and the Board of Parole directed that petitioner be held until the maximum expiration date of his sentence. When petitioner did not receive a timely response to his administrative appeal, he commenced this CPLR article 70 proceeding for a writ of habeas corpus. Supreme Court denied the application, prompting this appeal.

Inasmuch as substantial evidence supports the determination revoking petitioner's parole based upon his violation of the parole condition, we affirm (*see People ex rel. Gonzalez v LaClair*, 63 AD3d 1493, 1494 [2009], *lv denied* 13 NY3d 705 [2009]; *People ex rel. Fahim v Lacy*, 266 AD2d 612, 612 [1999], *lv denied* 94 NY2d 759 [2000]). Petitioner does not deny possessing the hat, which was pink, depicted the images of Hello Kitty and Mashimaro—a popular Korean children's cartoon character—and was adorned with a pink ribbon as well as a string that enabled it to be tied under a wearer's chin. Moreover, both parole officers testified that the hat was too small to be worn by an adult and the manager of the store where petitioner admitted purchasing it informed one of the parole officers that the hat was designed for children. To the extent that petitioner testified otherwise, the matter presented a credibility issue for the Board to resolve (*see People ex rel. Muhammad v Bradt*, 68 AD3d 1391, 1392 [2009]).

We likewise disagree with petitioner's assertion that the special condition is impermissibly vague. While the language at issue here—"could be considered as children's paraphernalia" and "may be considered of interest to children"—may be imprecise, it nevertheless " 'conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices' " (*People v Shack*, 86 NY2d 529, 538 [1995], quoting *United States v Petrillo*, 332 US 1, 8 [1947]). Moreover, "except in rare circumstances not relevant here, a vagueness challenge must be addressed to the facts before the court" (*People v Nelson*, 69 NY2d 302, 308 [1987]). Under the facts presented here, there can be no question but that a person of ordinary intelligence would recognize a child-size, pink hat adorned with a ribbon and the image of Hello Kitty as an item that may be considered of interest to children (*see generally Farrell v Burke*, 449 F3d 470, 491 [2006]; *People v Stuart*, 100 NY2d 412, 420-423 [2003]). Accordingly, as we also conclude that the special condition provides parole officers with clear enforcement standards (*see People v Stuart*, 100 NY2d at 420),

it is not vague as applied to petitioner and, indeed, petitioner acknowledged his understanding that he was prohibited from possessing an object that might be used to entertain, groom or attract a child.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.