■ In the Matter of DERRICK WINGATE, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [907 NYS2d 337]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

Petitioner, who has a lengthy and violent criminal record, was convicted in 1982 of the crimes of escape in the second degree and two counts of criminal possession of a weapon in the third degree. He was sentenced to an aggregate term of 15 years to life in prison. In January 2008, petitioner was released to parole supervision. Condition six of the conditions of his release required him to notify his parole officer "immediately any time [he is] in contact with or arrested by any law enforcement

agency." In June 2008, petitioner was charged with, among other things, violating condition six after he failed to report an incident in which the police were summoned to the residence that he shared with his daughter.* Following a final parole revocation hearing, this charge was sustained and petitioner's parole was revoked. Petitioner appealed this determination and, when a decision was not rendered within four months, he commenced this CPLR article 78 proceeding.

Preliminarily, we note that "a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination" (*Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992 [1998], *lv dismissed* 93 NY2d 886 [1999]; *see Matter of D'Onofrio v Chair of N.Y. State Div. of Parole*, 67 AD3d 1246, 1247 [2009]). Contrary to petitioner's claim, ample evidence was presented at the hearing that petitioner violated condition six of his release in "an important respect" (Executive Law § 259-i [3] [c] [iv]; *see Matter of Rago v Alexander*, 60 AD3d 1123, 1123-1124 [2009]), thereby justifying the revocation of his parole. The police officer who came to the residence where petitioner was staying testified that he was investigating an alleged shooting in which the victim reported that two individuals were involved who lived at that residence. He approached the residence, accompanied by approximately 15 other police officers, and knocked on the door for approximately 30 minutes before petitioner finally opened it. The officer conversed with petitioner for about an hour, explaining that the reason the police were at the residence was to locate petitioner's two grandchildren with regard to a shooting. Petitioner gave the officer a false name and would not allow the police access to the residence without a search warrant, which was obtained and executed at the residence. As it later turned out, petitioner's grandson and granddaughter, both of whom were implicated in the shooting, were apprehended by the police, and they indicated that petitioner was also present at the shooting scene. Petitioner's interaction with the police was neither brief nor incidental. Rather, it was part of an ongoing criminal investigation that involved numerous officers and lasted several hours. Notwithstanding the fact that petitioner was not arrested, the nature and duration of the interaction would lead a reasonable person to conclude that it was "contact" with the police, which petitioner was required to report under condition six. Notably, his parole officer testified that petitioner did not report this

---

* The two other parole violations with which petitioner was charged are not at issue in this proceeding as one was dismissed and the other was withdrawn.

incident. Consequently, we find no basis for disturbing the determination at issue.

We further note that petitioner's claim that condition six is unconstitutionally vague has not been preserved for our review due to his failure to raise it at the hearing (*see e.g. Matter of McCollum v Fischer*, 61 AD3d 1194, 1194 [2009], *lv denied* 13 NY3d 703 [2009]). In any event, were we to consider it, we would find that this claim is lacking in merit.

Peters, J.P., Malone Jr., Kavanagh, Garry and Egan Jr., JJ, concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.