Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner’s parole.
While released on parole supervision, petitioner was arrested and a parole warrant was issued charging him with violating multiple provisions of his release, including, as relevant here, possession of a loaded weapon. Following a final revocation hearing, an Administrative Law Judge found that a parole violation had been established and imposed a 30-month delinquent time assessment. When petitioner did not receive a timely response to his administrative appeal, he commenced this CPLR article 78 proceeding.
We confirm. It is well settled that “ ‘a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination’ ” (Matter of Hurd v New York State Div. of *1159 Parole, 72 AD3d 1388, 1388 [2010], lv denied 15 NY3d 705 [2010], quoting Matter of Layne v New York State Bd. of Parole, 256 AD2d 990 [1998], lv dismissed 93 NY2d 886 [1999]). Here, the police officers who arrested petitioner testified at the hearing that when they approached petitioner, he began to ran and a foot-pursuit ensued. During the chase, petitioner kept his right hand in his jacket pocket until he tripped when he attempted to jump over a bush. Petitioner was then apprehended and a loaded revolver was discovered under the bush. In light of this testimony, we find that the evidence supports the determination that petitioner possessed a loaded weapon in violation of the conditions of his parole. Any inconsistencies in the testimonies of the arresting officers presented a credibility issue for the Administrative Law Judge to resolve (see Matter of Hurd v New York State Div. of Parole, 72 AD3d at 1388; Matter of Simpson v Alexander, 63 AD3d 1495, 1496 [2009]).
We have examined petitioner’s remaining contentions and find them to be without merit.
Cardona, P.J., Mercure, Rose, Lahtinen and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.