■ In the Matter of BILLY DAVIS, Petitioner, v NEW YORK STATE BOARD OF PAROLE, Respondent. [915 NYS2d 771]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which revoked petitioner's parole.

In 2004, petitioner was convicted of attempted manslaughter in the first degree and was sentenced to four years in prison, to be followed by five years of postrelease supervision. In 2008, he was released to parole supervision. Shortly thereafter, he was charged with violating the terms of his release when he, among other things, assaulted his then-girlfriend. Following a prelimi-

nary parole revocation hearing and then a final parole revocation hearing, petitioner was found guilty of the majority of the charges, including the assault charge, and his parole was revoked. He was ordered held until the maximum expiration date of his sentence. When a timely decision was not rendered on petitioner's administrative appeal, he commenced this CPLR article 78 proceeding.

We confirm. It is well established that a parole revocation decision will be upheld so long as "the procedural requirements were followed and there is evidence which, if credited, would support such determination" (*Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992 [1998], *lv dismissed* 93 NY2d 886 [1999]). Upon reviewing the record, we conclude that the testimony of petitioner's parole officer, together with that of the police officer who arrested him for assault, provide substantial evidence supporting the determination finding petitioner guilty of the parole violations at issue (*see Matter of Simpson v Alexander*, 63 AD3d 1495, 1496 [2009]). Petitioner's contrary testimony presented a credibility issue for the Administrative Law Judge to resolve (*see Matter of D'Onofrio v Chair of N.Y. State Div. of Parole*, 67 AD3d 1246, 1247 [2009]). Although petitioner complains that he was denied the opportunity to confront his former girlfriend who filed the assault charge, he has not preserved this claim given that he did not object to her failure to testify at the hearing (*see Matter of Currie v New York State Bd. of Parole*, 298 AD2d 805, 806 [2002]). Furthermore, we do not find that the imposition of a time assessment equivalent to the maximum expiration date of petitioner's sentence was excessive in view of the violent nature of petitioner's underlying crime, his prior parole violation in 2007 and the fact that he again violated his parole in 2008 shortly after his release (*see Matter of Rogers v Dennison*, 47 AD3d 1149, 1151 [2008], *lv denied* 10 NY3d 711 [2008]; *Matter of Barksdale v Dennison*, 40 AD3d 1233, 1234 [2007]).

Mercure, J.P., Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.