■ In the Matter of ANTONIO MCCOWAN, Petitioner, v ANDREA W. EVANS, as Chair of the Division of Parole, Respondent. [916 NYS2d 290]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

Petitioner, who has a lengthy criminal record that includes several instances of harassment, was convicted in February 2006 of two counts of criminal contempt in the first degree and sentenced as a second felony offender to concurrent prison terms of 2 to 4 years. Petitioner was released to parole supervision in May 2007. He was, thereafter, declared delinquent in May 2008, stemming from an incident in which, as relevant here, he violated a no contact order of protection in favor of a female acquaintance. Following a final parole revocation hearing, an administrative law judge found that petitioner violated a condition of his parole, his parole was revoked and a five-month time assessment was imposed. Petitioner administratively appealed that determination. In support thereof, petitioner's counsel submitted a letter that requested a rehearing based upon the fact that petitioner's purported victim had admitted that she lied about the allegations of aggravated harassment. As a result, the criminal charges against petitioner were dropped and the order of protection against petitioner was voided. Among the charges that were dropped were those for criminal contempt,

one of which formed the basis of the parole revocation. Petitioner was released from parole jurisdiction in May 2009, after which the revocation determination was administratively affirmed by the Board of Parole. Petitioner thereafter commenced this CPLR article 78 proceeding.

We confirm. " '[A] determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination' " (*Matter of Wingate v New York State Div. of Parole*, 75 AD3d 1039, 1040 [2010], quoting *Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992 [1998], *lv dismissed* 93 NY2d 886 [1999]; *see Matter of Lewis v Alexander*, 68 AD3d 1415, 1415 [2009]). Here, the testimony of petitioner's victim that she was in the laundry room of her apartment building on the afternoon of May 31, 2008 when petitioner entered and confronted her in violation of a then-valid order of protection provides substantial evidence to support the revocation (*see People ex rel. Crespo v Yelich*, 71 AD3d 1214, 1214-1215 [2010]). The fact that petitioner and his witness testified that he was at another location during the time of the alleged events raised a credibility issue to be resolved by the Board (*see Matter of Hurd v New York State Div. of Parole*, 72 AD3d 1388, 1389 [2010], *lv denied* 15 NY3d 705 [2010]; *Matter of Lewis v Alexander*, 68 AD3d at 1415). Finally, contrary to petitioner's contention, the victim's recantation and subsequent dismissal of the criminal charges against him does not preclude a revocation of parole for the same conduct (*see Matter of Simpson v Alexander*, 63 AD3d 1495, 1496 [2009]; *People ex rel. Washington v Ekpe*, 38 AD3d 1100, 1101 [2007], *lv denied* 9 NY3d 802 [2007]).

Petitioner's remaining contentions have been examined and found to be either unpreserved or without merit.

Mercure, J.P., Peters, Spain, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.