In the Matter of STEVEN TOOMER, Petitioner, v WARDEN OF ADIRONDACK CORRECTIONAL FACILITY et al., Respondents. [947 NYS2d 684]—

Petitioner was convicted of assault in the second degree and sentenced in 2008 to a prison term of two years followed by three years of postrelease supervision. After his release on parole supervision, petitioner was charged, as is relevant here, with violating a condition of his release when he allegedly threatened the safety and well-being of two child protective caseworkers who were investigating a reported incident at petitioner's home.* Following a final revocation hearing, those charges were sustained. The Board of Parole revoked petitioner's release and imposed a hold to petitioner's maximum expiration date. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. "[A] determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination" (*Matter of McCowan v Evans*, 81 AD3d 1028, 1029 [2011] [internal quotation marks and citations omitted]). Here, the testimony of the caseworkers established that they fled petitioner's home shortly after arriving because petitioner told

---

* Although petitioner also was charged with several other violations, those charges were withdrawn.

them to get out of his house or he was "getting his gun and shooting everybody." The consistent and detailed testimony at the hearing, including petitioner's testimony that he did, in fact, tell the caseworkers to leave, provides substantial evidence to support the determination that petitioner violated the conditions of his release. Although petitioner denied any threatening behavior, this presented a credibility issue for the Administrative Law Judge to resolve (*see Matter of Davis v New York State Bd. of Parole*, 81 AD3d 1020, 1021 [2011]; *Matter of Williams v New York State Div. of Parole*, 23 AD3d 800, 800-801 [2005]). Petitioner's remaining contentions have been examined and found to be either unpreserved or without merit.

Peters, P.J., Rose, Malone Jr., McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.