■ In the Matter of HASAAN COSTON, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [975 NYS2d 244]—

---

Egan Jr., J. Appeal from a judgment of the Supreme Court (McDonough, J.), entered July 3, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole revoking his parole and imposing a delinquent time assessment.

Petitioner was convicted of criminal possession of a controlled substance in the fifth degree and sentenced to a prison term of four years followed by two years of postrelease supervision. Petitioner thereafter was charged with violating the conditions of his release by, insofar as is relevant here, assaulting a woman. Following the final revocation hearing, the Administrative Law Judge sustained that charge and ordered that petitioner be held until the maximum expiration of his sentence. When a timely response to petitioner's administrative appeal was not forthcoming, he commenced this CPLR article 78 proceeding to challenge the revocation determination. Supreme Court dismissed the proceeding, finding that petitioner was collaterally estopped from attacking the revocation determination, and this appeal by petitioner ensued.*

Petitioner argues that he improperly was denied the opportunity to confront and cross-examine the victim. While a "strong preference" for confrontation and cross-examination exists in parole revocation proceedings, the victim's absence nevertheless may be excused "upon a specific finding of good cause" (*People ex rel. McGee v Walters*, 62 NY2d 317, 319 [1984]; *see* Executive Law § 259-i [3] [f] [v]; *People ex rel. Rosenfeld v Sposato*, 87 AD3d 665, 665-666 [2011]). Here, the victim refused to testify and could not be located despite extensive efforts by parole officials to do so. Accordingly, the Administrative Law Judge properly excused her absence and considered other evidence regarding the assault (*see Matter of LaPorta v New York State Bd. of Parole*, 251 AD2d 119, 119 [1998]; *People ex rel. Brooks v Russi*, 237 AD2d 394, 395 [1997], *lv denied* 90 NY2d 801 [1997]). Contrary to petitioner's assertion, the fact the he was not indicted for any crimes stemming from the underlying assault did "not preclude a revocation of parole for the same

---

* Neither the prior habeas corpus proceeding, which predated the final revocation hearing, nor petitioner's unsuccessful motion to reargue, which did not constitute a determination on the merits, precludes him from raising issues in this proceeding related to the final revocation hearing and the parole revocation itself (*see Matter of Mack v Alexander*, 61 AD3d 1222, 1223 [2009]; *Mulder v Donaldson, Lufkin & Jenrette*, 224 AD2d 125, 130-131 [1996]). Rather than remit this matter, we will—in the interest of judicial economy—review the merits of the revocation determination (*see Matter of Maldonado v New York State Div. of Parole*, 87 AD3d 1231, 1233 [2011]).

conduct" (*Matter of McCowan v Evans*, 81 AD3d 1028, 1029 [2011]; *see Reed v State of New York*, 78 NY2d 1, 8 [1991]; *Matter of Simpson v Alexander*, 63 AD3d 1495, 1496 [2009]). Petitioner's remaining contentions, to the extent that they are properly before us, have been examined and found to be lacking in merit.

Lahtinen, J.P., Stein and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.