Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which revoked petitioner’s parole.
Petitioner was convicted of attempted assault in the first degree and was sentenced to 6V3 years in prison to be followed by five years of postrelease supervision. In June 2011, he was released to parole supervision. In May 2012, however, he was arrested for assaulting a female with whom he was having a romantic relationship and was charged with violating the conditions of his parole. In particular, he was charged with violating the condition prohibiting him from violating any law for which a penalty of imprisonment could be imposed. Those charges alleged that he struck the victim in the head, choked her and forcibly removed her clothing and threatened to kill her.* Following a final parole revocation hearing, these charges were sustained, petitioner’s release was revoked and petitioner was ordered held until his maximum expiration date. Petitioner took an administrative appeal and, when it was not timely decided, he commenced this CPLR article 78 proceeding.
*1239 Initially, we note that “[Revocation of parole will be confirmed where procedural requirements were followed and evidence, if credited, exists to support the determination” (Matter of Heier v Department of Corr. & Community Supervision, 113 AD3d 1018, 1018-1019 [2014]; see Matter of Toomer v Warden of Adirondack Corr. Facility, 97 AD3d 868, 868 [2012]). Here, the testimony of the police officers involved in the case, the police report containing the victim’s statement and the victim’s own testimony, in which she admitted to implicating petitioner in the assault, provide ample evidence supporting the conclusion that petitioner assaulted the victim in the manner alleged and that he was guilty of the charges at issue. The victim’s recantation of her statement and petitioner’s testimony that he did not assault her presented a credibility issue for respondent to resolve (see Matter of McCowan v Evans, 81 AD3d 1028, 1029 [2011]; Matter of Simpson v Alexander, 63 AD3d 1495, 1496 [2009]). Accordingly, given that substantial evidence supports respondent’s determination, we find no reason to disturb it (see Matter of Davis v New York State Bd. of Parole, 81 AD3d 1020, 1021 [2011]).
Garry, J.E, Rose, Egan Jr., Devine and Clark, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.

 The only other charge was based upon petitioner’s alleged violation of another condition, but this was later withdrawn.