*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                    517273
_____

THE PEOPLE OF THE STATE OF
    NEW YORK ex rel. ANDRE
    BEALE,
                    Appellant,

        v                                      MEMORANDUM AND ORDER

DARWIN LaCLAIR, as
    Superintendent of Franklin
    Correctional Facility,
                    Respondent.
_____


Calendar Date:  October 15, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ.

                    _____


        Andre Beale, Malone, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kate H.
Nepveu of counsel), for respondent.

                    _____


Peters, P.J.

        Appeal from a judgment of the Supreme Court (Feldstein,
J.), entered July 15, 2013 in Franklin County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 70, without a hearing.

        In 2008, petitioner was sentenced, as a second felony
offender, to five years in prison and three years of postrelease
supervision upon his conviction of attempted sale of a controlled
substance in the third degree.  He was released to postrelease
supervision in February 2010.  Beginning in May 2010, petitioner
was charged with various violations of his postrelease

conditions.  As a result, petitioner's release was revoked and he was restored to the Willard Drug Treatment Program.  After being released from Willard for the second time, petitioner was again charged with violating the terms of his release.  He was thereafter determined to be a persistent parole violator within the meaning of 9 NYCRR 8005.20 (c) (5) and ordered to be held until his maximum expiration date.  Petitioner then commenced this habeas corpus proceeding challenging that determination.  Supreme Court dismissed the petition and this appeal ensued.

We affirm.  Contrary to petitioner's contention, the fact that the criminal charge of aggravated harassment in the second degree, which was the basis for the May 2010 revocation, was ultimately dismissed does not preclude a revocation for the same conduct (see Matter of Coston v New York State Div. of Parole, 111 AD3d 1075, 1076 [2013]; People ex rel. Washington v Ekpe, 38 AD3d 1100, 1101 [2007], lv denied 9 NY3d 802 [2007]).  Moreover, inasmuch as petitioner was restored to the Willard program following final revocation hearings, the delinquency cancellation provisions of 9 NYCRR 8004.3 are inapplicable (see 9 NYCRR 8004.3 [e] [2]; [f]).  Petitioner's remaining contentions, to the extent that they are properly before us, have been considered and found to be without merit.

Stein, Garry, Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court