■ In the Matter of CHARLES GRAHAM, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. (And Another Related Proceeding.) [702 NYS2d 708] —Mugglin, J. Appeals (1) from a judgment of the Supreme Court (Demarest, J.), entered April 21, 1999 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Parole revoking petitioner's parole, and (2) from a judgment of said court, entered February 17, 1999 in St. Lawrence County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner, a prison inmate, was released to parole supervision in May 1997 and subsequently returned to custody on a parole violation warrant. A final parole revocation hearing was held in October 1997 and the Administrative Law Judge (hereinafter ALJ) found that petitioner had violated the conditions of his parole in an important respect by failing to immediately report his July 18, 1997 arrest. The ALJ recommended that petitioner be held until his maximum expiration date. The Board of Parole affirmed the ALJ's recommendation and petitioner filed an administrative appeal.

When the Board's Appeals Unit failed to rule on the appeal, petitioner commenced a habeas corpus proceeding to challenge the determination revoking his parole. Supreme Court converted the matter to a CPLR article 78 proceeding and dismissed the petition on the merits. Prior to the dismissal, petitioner commenced a second proceeding, pursuant to CPLR article 78, which also challenged the determination revoking his parole. Supreme Court thereafter granted respondents' motion to dismiss the second petition on the ground that the is-

sues raised therein were addressed in the prior proceeding. Petitioner appeals both judgments.

The failure of the Appeals Unit to rule on petitioner's administrative appeal did not invalidate the revocation process (*see, Matter of Lord v State of N. Y. Executive Dept. / Bd. of Parole*, 263 AD2d 945, *lv denied* 94 NY2d 753). Petitioner's administrative remedy was deemed exhausted when the Appeals Unit failed to rule on his appeal within four months, permitting immediate judicial review of the Board's determination (*see*, 9 NYCRR 8006.4 [c]). Accordingly, he was not prejudiced by the inaction of the Appeals Unit.

Petitioner contends that he was entitled to the three-month reduction of the time assessment granted to a parole violator who accepts responsibility for his conduct (9 NYCRR 8005.20 [c] [1]). The record, however, demonstrates that petitioner entered a plea of not guilty and contested the charge throughout the course of the hearing. We find no merit in petitioner's claim that the hearing transcript was altered to delete his guilty plea. Although there are some gaps in the transcript, which are attributable to inaudible portions of the tape recording, they are not so significant as to preclude meaningful review (*see, Matter of Locke v Senkowski*, 254 AD2d 553). Supreme Court correctly dismissed the first proceeding on the merits and correctly dismissed the second proceeding on the ground that the issues raised therein were decided in the first proceeding.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgments are affirmed, without costs.