■ In the Matter of JAMES M. DI GIOIA, Petitioner, v BRION TRAVIS, as Chair of the New York State Board of Parole, et al., Respondents. [745 NYS2d 117] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by an order of the Supreme Court, entered in Albany County) to review a determination of respondent Board of Parole which revoked petitioner's parole.

Petitioner was released on parole after serving six years of a sentence imposed for his conviction of sodomy in the first degree. The record indicates that while on parole, petitioner encountered a female inmate participating in a work release program in the waiting room of the parole office and the two conversed briefly. A month later, petitioner saw the female in front of the parole office and asked her twice if she needed a ride or wanted to go anywhere. She rebuffed his offers and returned to the office. Based upon this second incident, petitioner was charged with fraternizing with a known felon and, following a final parole revocation hearing, his parole was revoked. Petitioner commenced this CPLR article 78 proceeding challenging the determination, contending that respondents' interpretation of the term "fraternize" was arbitrary and capricious. We agree.

Under the terms of his parole, petitioner may not "fraternize with any person he knows to have a criminal record" (9 NYCRR 8003.2 [g]). Despite the deference generally accorded to the interpretation of regulations given by the agency charged with enforcing them, deference to respondents' interpretation of the term "fraternize" is not required as "no particular administrative expertise is necessary to ascertain the purely legal meaning of [this term]" (*Matter of Town of Camillus v Commissioner of Dept. of Envtl. Conservation*, 256 AD2d 967, 968).

Although "fraternize" is not expressly defined, in the parole

context courts have interpreted comparable provisions to prohibit contact which is "something more than merely a fleeting or casual acquaintance" (*Birzon v King*, 469 F2d 1241, 1243; *see, United States v International Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 998 F2d 120, 125). Here, at most, the evidence establishes that petitioner's conduct was nothing more than an attempt to fraternize, which, in our view, does not rise to the level of association or fraternization proscribed by the regulation (*see, Matter of Hicks v Russi*, 219 AD2d 851).

Moreover, counsel for respondents asserted that the regulatory definition of "fraternize" was subjective and depended upon petitioner's underlying conviction, i.e., for a forger the subject conduct was permissible, but for petitioner, a convicted sex offender, the conduct constituted fraternization. However, this interpretation of "fraternize" is inherently arbitrary and subject to discriminatory application as it is entirely dependent upon the subjective determination of a parole officer (*see, People v Foley*, 94 NY2d 668, 681, *cert denied* 531 US 875; *People v Nelson*, 69 NY2d 302, 308).

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Adjudged that the determination is annulled, with costs, and petition granted.