▬ THE PEOPLE OF STATE OF NEW YORK ex rel. KWAME S. TIMMERS, Appellant, v CHRIS MELLAS, as Superintendent of Watertown Correctional Facility, Respondent. [811 NYS2d 848]—

Appeal from a judgment of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered January 11, 2005 in a habeas corpus proceeding. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from a judgment dismissing his petition seeking a writ of habeas corpus, petitioner contends that the Administrative Law Judge erred in considering evidence of, inter alia, seized drugs and guns during the parole revocation hearing because that evidence had been suppressed in the underlying criminal action. That contention is without merit. The record establishes that petitioner's suppression motion in the underlying criminal action was in fact denied. We also reject petitioner's contention that the 60-month "time assessment," i.e., the "date by which time [petitioner] will be eligible for re-

release," is illegal (9 NYCRR 8002.6 [a]; *see People ex rel. Grimmick v McGreevy*, 141 AD2d 989, 990 [1988], *lv denied* 73 NY2d 702 [1988]; *see also People ex rel. Matthews v New York State Div. of Parole*, 58 NY2d 196, 205 [1983]; *see generally* 9 NYCRR 8005.20 [c] [1]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Pine, JJ.