■ In the Matter of LAMONT J. GRISWOLD, Petitioner, v STATE OF NEW YORK DIVISION OF PAROLE et al., Respondents. [881 NYS2d 546]—

Stein, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

Petitioner was convicted of various crimes in 1989 and was conditionally released to parole supervision in December 2006. As a result of his failure to successfully complete a substance abuse treatment program in April 2007, petitioner was charged with violating his parole. Following a final revocation hearing, the Administrative Law Judge sustained the violations and recommended a hold of 36 months and new eligibility for conditional release in 52 months. That decision was affirmed by the Board of Parole and this CPLR article 78 proceeding ensued.

We confirm. The Board's determination will be upheld if it is supported by substantial evidence in the record as a whole (*see Matter of Tanner v New York State Div. of Parole*, 60 AD3d 1225, 1225 [2009]). Petitioner's conditions of parole required him to participate in a substance abuse treatment program and directed him to complete any treatment recommended by Mid-Erie Counseling and Treatment Services. A counselor and supervisor at Mid-Erie testified that petitioner was admitted to a substance abuse treatment program there. The supervisor further testified that petitioner did not believe that he needed treatment, failed to appropriately participate in the program and did not complete it. Petitioner's account of events differed to some extent, but this presented a credibility issue for the Board to resolve and we are satisfied that the Board's findings were supported by substantial evidence (*see id.*).

Petitioner also argues that his attorney was ineffective in failing to challenge a special parole condition, imposed by his parole officer, requiring him to participate in and complete treatment recommended by Mid-Erie. Given the parole officer's testimony that petitioner was slow to cooperate in both qualifying for and participating in such treatment, the imposition of that condition was neither impermissible nor arbitrary and capricious and counsel was not ineffective in failing to raise the issue (*see* 9 NYCRR 8003.3; *Matter of Dickman v Trietley*, 268 AD2d 914, 916 [2000]). Petitioner's other claims, including that his counsel provided ineffective assistance in other respects and that the penalty imposed is harsh and excessive, have been reviewed and found to be without merit.

Peters, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.