██ In the Matter of ERGARDO ROSARIO, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [915 NYS2d 385]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

In 1994, petitioner was convicted of the crimes of burglary in the second degree and attempted robbery in the first degree and was sentenced, respectively, to consecutive terms of imprisonment of 5 to 15 years and 2½ to 7½ years. He was subsequently released to parole supervision, but consistently violated the terms of his release due to his substance abuse problems and was returned to the custody of the Department of Correctional Services for enrollment in various drug treatment programs. Following his fifth release to parole supervision, petitioner was charged with violating the conditions of his parole after he was stopped for speeding and a quantity of heroin was found inside his vehicle. At the conclusion of the final parole revocation hearing, the Administrative Law Judge found petitioner guilty of four of the charges, revoked his parole and imposed a 32-month delinquent time assessment. The determination was ultimately affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

As an initial matter, we note that " 'a determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination' " (*Matter of Hurd v New York State Div. of Parole*, 72 AD3d 1388, 1388 [2010], *lv denied* 15 NY3d 705 [2010], quoting *Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992 [1998], *lv dismissed* 93 NY2d 886 [1999]; *see Matter of D'Onofrio v Chair of N.Y. State Div. of Parole*, 67 AD3d 1246, 1247 [2009]). Here, petitioner was found guilty of four parole violations, specifically, operating a motor vehicle without his parole officer's permission, operating a motor vehicle without a valid driver's license, driving at illegal speeds of 85 miles per hour and possessing a controlled substance, namely heroin. The police officer who conducted the traffic stop and the parole officer assigned to monitor petitioner testified at the final parole revocation hearing. The police officer testified that petitioner was driving 85 miles per hour in a 65-mile per hour zone and had a suspended driver's license. He stated that petitioner consented to a search of the vehicle and that heroin was found, which petitioner admitted belonged to him. The parole officer stated that petitioner had not obtained her permission to drive a motor vehicle, which was required as a condition of his parole. She further stated that when she spoke with petitioner after the incident, he admitted to speeding, driving

without a valid driver's license and using heroin. In our view, the foregoing evidence amply supports the determination revoking petitioner's parole. Under the circumstances presented, we do not find that the delinquent time assessment of 32 months was excessive (*see Matter of Brew v New York State Div. of Parole*, 22 AD3d 930, 931 [2005]). Furthermore, the failure of the Appeals Unit to timely rule on petitioner's administrative appeal does not affect the validity of the revocation determination (*see Matter of Graham v New York State Div. of Parole*, 269 AD2d 628, 629 [2000], *lv denied* 95 NY2d 753 [2000]). Therefore, the determination is confirmed.

Cardona, P.J., Rose, Malone Jr., Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.