■ In the Matter of JOHN LAMOLLI, Petitioner, v MICHAEL MARASA, as Administrative Law Judge, Division of Parole, Respondent. [916 NYS2d 653]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

Petitioner was convicted in 2004 of attempted sodomy in the first degree and was sentenced to a prison term of five years to be followed by postrelease supervision of five years. He resided in a shelter after his release to parole supervision, and a special condition of his release required him to "obey the rules of said shelter and . . . give no cause for termination of [his] resi-

---

dence" therein. Petitioner was charged in relevant part with violating that condition, and respondent sustained those charges following a final parole revocation hearing. The Board of Parole imposed the recommended hold of 36 months and, after an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

A determination to revoke parole will be confirmed if procedural requisites were obeyed and evidence exists in the record which, if credited, would support it (see Matter of Giles v Alexander, 76 AD3d 1158, 1158 [2010]; Matter of Hurd v New York State Div. of Parole, 72 AD3d 1388, 1388 [2010], lv denied 15 NY3d 705 [2010]). Petitioner was required by the shelter to behave appropriately and refrain from "[a]busive and/or uncooperative behavior or the use of profanity," and the record reflects that he would have been removed from the shelter for breaking those rules had he not been charged with violating his parole. In particular, his caseworker testified that petitioner became angry after learning that he may have to miss a meeting and punched a wall, then insulted, cursed at and made an obscene gesture toward the caseworker. Petitioner's account of events differed to a limited degree, but this presented a credibility issue for the Board to resolve, and substantial evidence supports its determination of guilt (see Matter of Griswold v State of N.Y. Div. of Parole, 63 AD3d 1460, 1461 [2009]).

Petitioner's remaining contentions, to the extent they are properly before us, have been reviewed and found to be without merit.

Mercure, J.P., Rose, Kavanagh, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.