██ In the Matter of NATHAN PECK, Petitioner, v ANDREA W. EVANS, as Chair of the Division of Parole, et al., Respondents. [990 NYS2d 272]—

Lahtinen, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Tompkins County) to review a determination of the Board of Parole which revoked petitioner's parole.

In 2002, petitioner was convicted of rape in the first degree and was sentenced to five years in prison, to be followed by five

years of postrelease supervision. He was released to postrelease supervision in 2010 and was required to comply with certain conditions, including that he have no contact with minors and truthfully report his activities to his parole officer. Petitioner's parole officer thereafter gave him permission to help construct a shed at the home of a coworker. While performing that work, the coworker's four-year-old daughter emerged from the house and briefly approached petitioner and the coworker. Petitioner was subsequently charged with violating numerous conditions of his parole, and the sole charge sustained by the Administrative Law Judge (hereinafter ALJ) was that petitioner failed to promptly disclose the limited contact he had with the coworker's child and other instances in which the coworker's children were present at the workplace. The ALJ accordingly recommended, and the Board of Parole agreed, that petitioner's parole be revoked and that he be held until his maximum expiration date. This CPLR article 78 proceeding ensued.*

"It is well established that a parole revocation decision will be upheld so long as 'the procedural requirements were followed and there is evidence which, if credited, would support such determination' " (*Matter of Davis v New York State Bd. of Parole*, 81 AD3d 1020, 1021 [2011], quoting *Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992 [1998], *lv dismissed* 93 NY2d 886 [1999]; *see Matter of Toomer v Warden of Adirondack Corr. Facility*, 97 AD3d 868, 868 [2012]). Notably, in order to warrant revocation, the alleged parole violation must be supported by a preponderance of the evidence (*see* Executive Law § 259-i [3] [f] [viii]; *Matter of Miller v Russi*, 225 AD2d 368, 369 [1996]; *People ex rel. Wilt v Meloni*, 170 AD2d 989, 990 [1991], *lv dismissed* 77 NY2d 973 [1991]), which we find lacking in the record before us.

The ALJ dismissed the charge that petitioner had contact with a minor in view of the evidence that he had only incidental contact with his coworker's daughter during the construction of the shed, leaving petitioner's failure to promptly report this incident to his parole officer as the primary basis for the parole violation at issue. The parole conditions did not clearly require petitioner to report such an insignificant encounter to his parole officer, however, and petitioner testified that he did not

---

* Although petitioner's sentence expired in December 2012 and he was released to the community on strict and intensive supervision and treatment after it was determined that he suffered from a mental abnormality under Mental Hygiene Law § 10.03 (1), the instant proceeding is not moot given that the Board's finding that petitioner is a parole violator may have lasting consequences (*see Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834 [1983]).

know that he needed to do so. Further, while the coworker's children were occasionally present during lunch breaks at the work site, they largely remained outside the eating area and there was no showing that petitioner had any contact with the children during such times. In view of this, petitioner's parole conditions did not plainly require him to report such information to his parole officer. Accordingly, given the absence of probative evidence supporting the charge that petitioner failed to truthfully report his activities to his parole officer, the determination finding that he violated his parole in this regard must be annulled (*see e.g. Matter of Mosley v Dennison*, 30 AD3d 975, 977 [2006], *lv denied* 7 NY3d 712 [2006]; *Matter of Di Gioia v Travis*, 296 AD2d 632, 633 [2002]; *Matter of Hilbourne v Rodriguez*, 155 AD2d 917 [1989]).

Stein, Garry and Rose, JJ., concur. Adjudged that the determination is annulled, with costs, and petition granted.