## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  October 2, 2014        518211
_____

In the Matter of NOAH SHOOK,
          Petitioner,

    v                                    MEMORANDUM AND JUDGMENT

NEW YORK STATE DIVISION OF
   PAROLE COMMISSIONER ANDREA
   W. EVANS,
          Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Stein, J.P., McCarthy, Garry, Rose and Egan Jr., JJ.

_____

Noah Shook, Malone, petitioner pro se.

Eric T. Schneiderman, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.

_____

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole revoking petitioner's postrelease supervision period and imposing a 24-month hold.

In July 2010, petitioner was convicted of criminal sale of a controlled substance in the third degree and sentenced to 2½ years in prison, to be followed by two years of postrelease supervision.  In June 2012, he was released to postrelease supervision subject to certain conditions.  He was subsequently found guilty of violating three conditions based on his contact with his estranged wife in violation of an order of protection.  As a result, the Board of Parole revoked his release and imposed a 24-month hold.  When he did not receive a timely decision on

his administrative appeal, he commenced this proceeding.

Initially, although petitioner has again been released on postrelease supervision, "this proceeding is not moot given that the maximum expiration date of his sentence remains affected by the issues presented" (People ex rel. Speights v McKoy, 88 AD3d 1039, 1040 [2011]; accord People ex rel. Albert v Schneiderman, 120 AD3d 856, 856 [2014]).  Thus, we will address the merits.

Substantial evidence supports the determination that petitioner violated conditions of his postrelease supervision. Petitioner acknowledged that he was aware of the order of protection requiring him to stay away from his wife and her home. Petitioner's wife testified that he went to her home, rang the doorbell and talked to her through a window.  A parole officer testified that petitioner admitted that he went to his wife's home.  Although petitioner denied having gone to her home, his testimony created a credibility question that the Board of Parole resolved against him (see Matter of Lamolli v Marasa, 81 AD3d 1058, 1059 [2011], lv denied 17 NY3d 702 [2011]; Matter of McCowan v Evans, 81 AD3d 1028, 1029 [2011]).  The proof that petitioner violated a valid order of protection constituted substantial evidence that he violated the conditions of release requiring that he obey any orders of protection, not engage in actions that threatened the well-being or safety of others and not engage in activity that violates the law (see Matter of McCowan v Evans, 81 AD3d at 1029; Matter of Currie v New York State Bd. of Parole, 298 AD2d 805, 805-806 [2002]).

Stein, J.P., McCarthy, Garry, Rose and Egan Jr., JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court