■ In the Matter of 985 Amsterdam Avenue Housing Development Fund Corporation, Respondent, v Suzanne A. Beddoe et al., Appellants. [6 NYS3d 45]—

Order and judgment (one paper), Supreme Court, New York County (Lucy Billings, J.), entered September 20, 2013, granting petitioner's article 78 petition, vacating three default orders and judgments against petitioner, and remanding the proceeding to respondents to grant petitioner's request for a new hearing, unanimously modified, on the law, to the extent of remanding to respondents for determination of whether petitioner is

entitled to vacatur of the defaults and a new hearing under the "good cause" standard set forth in New York City Charter § 1049-a (d) (1) (h), and otherwise affirmed, without costs.

The article 78 court found that the administrative record failed to demonstrate that petitioner was served with default orders regarding its failure to appear at a hearing related to three notices of violation. This finding was the basis for the court's determination that respondents arbitrarily deprived petitioner of the opportunities to vacate a default provided for, respectively, in the Environmental Control Board's (ECB) so-called vacate-default rule, 48 RCNY § 3-82, and in New York City Charter § 1049-a (d) (1) (h). The ECB rule provides that a request for a new hearing made within 45 days of the date of the missed hearing "shall be granted unless such request is found to be made in bad faith." Under the City Charter provision, the entry of a default may be avoided by a request for a new hearing made within 30 days of the mailing of the notice of default and upon a showing of "good cause."

Respondents argue that the premise of defective service underlying the court's determination cannot be sustained. It submitted to the court a "daily affidavit of mailing" from September 20, 2011, which represents that the default orders at issue were among the 670 orders mailed by ECB on that date. Respondents argue that "a properly executed affidavit of service raises a presumption that a proper mailing occurred, and a mere denial of receipt is not enough to rebut this presumption" (*Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]). We find that the court did not err in concluding that any presumption of proper mailing was rebutted under all the circumstances, including, most prominently, respondents' failure to produce copies of the default orders or notices allegedly mailed to petitioner—a circumstance that caused the court to doubt whether these documents were ever generated for mailing. The court's determination of this factual issue is entitled to deference.

Nevertheless, we find that the court exceeded its review function in an article 78 proceeding when it simply ordered a new hearing rather than remanding the proceeding to ECB for a determination whether petitioner demonstrated good cause for default. "While the court is empowered to determine whether the administrative body acted arbitrarily, it may not usurp the administrative function by directing the agency to proceed in a specific manner, which is within the jurisdiction and discretion of the administrative body in the first instance" (*Burke's Auto Body v Ameruso*, 113 AD2d 198, 200-201 [1st Dept 1985]).

Here, the essence of the court's ruling was that, because there was inadequate evidence of proper service, it was improper for respondents to conclude that petitioner's requests for a new hearing fell outside the respective 30-day time limit imposed by New York City Charter § 1049-a (d) (1) (h). The question of good cause, however, under New York City Charter § 1049-a (d) (1) (h), was never adjudicated by the agency. It is for the agency to rule on this question in the first instance. Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Kapnick, JJ.