*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 25, 2015                    519536
_____

In the Matter of JAMIEL
    WILLIAMS,
                        Petitioner,

         v                                    MEMORANDUM AND JUDGMENT

ANDREA EVANS, as Chair of the
    Board of Parole,
                        Respondent.
_____

Calendar Date:  May 5, 2015

Before:  Peters, P.J., Garry, Lynch and Devine, JJ.

                    _____


        Jamiel Williams, New York City, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady
of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Board of Parole which revoked
petitioner's parole.

        Petitioner was convicted of attempted burglary in the
second degree and was sentenced as a second felony offender to a
prison term of five years together with five years of postrelease
supervision.  Shortly after his release on parole in 2012,
petitioner was charged, as is relevant here, with violating the
conditions of his release when he allegedly called and repeatedly
texted a former girlfriend who had a no contact order of
protection against him.  Following a hearing, petitioner was
found guilty, his parole was revoked, and he was ordered held for
24 months.  When no timely decision was rendered on petitioner's

administrative appeal, he commenced this CPLR article 78 proceeding.

We confirm. "A determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination" (Matter of Toomer v Warden of Adirondack Corr. Facility, 97 AD3d 868, 868 [2012] [internal quotation marks and citation omitted]). Here, the former girlfriend testified regarding petitioner's contact with her, noting, among other things, that he identified himself by name, identified property he wanted returned to him and referred to her by a nickname no one used. Moreover, petitioner's probation officer testified that the call and texts received originated from a telephone number provided by petitioner for his case file. Contrary to petitioner's contention, the testimony presented provided substantial evidence to support the determination that petitioner violated the conditions of his parole release (see Matter of McQueen v New York State Bd. of Parole, 118 AD3d 1238, 1239 [2014], lv denied 24 NY3d 907 [2014]; Matter of Toomer v Warden of Adirondack Corr. Facility, 97 AD3d at 869). Petitioner's remaining contentions have been reviewed and are without merit.

Peters, P.J., Garry, Lynch and Devine, JJ., concur.

-3-                          519536

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court