*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016                    521382
_____

In the Matter of JOHN D.
    JUSTICE,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

ANDREA EVANS, as Chair of the
    New York State Board of
    Parole, et al.,
                        Respondents.
_____


Calendar Date:  December 8, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____


        John D. Justice, Rochester, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondents.

_____


        Appeal from a judgment of the Supreme Court (O'Connor, J.),
entered June 22, 2015 in Albany County, which, among other
things, partially granted petitioner's application, in a
proceeding pursuant to CPLR article 78, to annul a determination
of the Board of Parole denying his request for a parole
revocation rehearing.

        Petitioner was found not responsible by reason of mental
disease or defect in the killing of two individuals and was
sentenced to serve 13⅓ to 40 years in prison due to his
conviction on charges related to the killing of two others
(People v Justice, 202 AD2d 981 [1994], lv denied 83 NY2d 968
[1994]; People v Justice, 173 AD2d 144, 146 [1991]).  He was
released to parole supervision in 2005 and was additionally

subject to an order of conditions imposed pursuant to CPL 330.20. His parole was revoked in 2007 (People ex rel. Justice v Racette, 111 AD3d 1041 [2013], lv denied 22 NY3d 861 [2014]).  In 2012, he applied to the Board of Parole for a rehearing of its 2007 parole revocation determination based upon newly discovered evidence. The Board denied his application, and petitioner commenced this CPLR article 78 proceeding seeking, among other things, review of the Board's determination.  Supreme Court (Lynch, J.) granted a pre-answer motion to dismiss the petition, but this Court remitted the matter so that issue could be joined and the challenge to the denial of his request addressed on the merits (121 AD3d 1260 [2014]).  Upon remittal, Supreme Court (O'Connor, J.) partially granted the petition to the extent of annulling the denial of petitioner's application for a parole revocation rehearing and directing the Board to conduct a de novo review of that application.  Petitioner now appeals.

Respondents advise us that petitioner was set to reach the maximum expiration date of his sentence in September 2015, but that he remains confined under the terms of a recommitment order issued pursuant to CPL 330.20.  A recommitment order will not be issued absent proof that petitioner "currently constitutes a physical danger to himself or others" (CPL 330.20 [1] [c] [ii]; see CPL 330.20 [14]), proof that may include "a history of prior relapses into violent behavior, [or] substance abuse or dangerous activities upon release or termination of psychiatric treatment" (Matter of George L., 85 NY2d 295, 308 [1995]).  Inasmuch as the Board's refusal to revisit its "finding that petitioner is a parole violator may have lasting consequences" under these circumstances, the appeal has not been rendered moot even if petitioner has reached the maximum expiration date of his sentence (Matter of Peck v Evans, 118 AD3d 1086, 1087 n [2014]; see Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832, 834 [1983]).

Turning to the merits, Supreme Court annulled the determination at issue and directed that the Board conduct a de novo review of petitioner's application for a parole revocation

rehearing.[1]  Despite petitioner's protestations to the contrary, the foregoing constituted "all of the relief to which he is entitled" (Matter of Evans v Dennison, 58 AD3d 998, 999 [2009]; see e.g. Matter of 985 Amsterdam Ave. Hous. Dev. Fund Corp. v Beddoe, 126 AD3d 562, 563 [2015]).  Thus, we affirm.

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.


ORDERED that the judgment is affirmed, without costs.


ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court

---

[1]  The Board has complied with the judgment on appeal and, in August 2015, issued a determination that again denied petitioner's application.