■ In the Matter of Osman Osman, Petitioner, v Tina M. Stanford, Chairwoman, New York State Department of Corrections and Community Supervision, Respondent. [26 NYS3d 852]—

Determination of respondent New York State Board of Parole, dated April 2, 2013, which, after a hearing, revoked petitioner's parole, and ordered him reincarcerated until the expiration of his maximum sentence, unanimously annulled insofar as it ordered petitioner reincarcerated until the expiration of his maximum sentence, the matter remitted to respondent for imposition of a new penalty, the petition pursuant to CPLR article 78 (transferred to this Court by order of Supreme

Court, Bronx County [Julia I. Rodriguez, J.], entered on or about July 23, 2014), granted to the extent indicated, and the determination otherwise confirmed, without costs.

The determination that petitioner violated his parole by possessing pornographic and sexually explicit materials is supported by a preponderance of the evidence (*see* Executive Law § 259-i [3] [f] [viii]; *Matter of Miller v Russi*, 225 AD2d 368 [1st Dept 1996]). There exists no basis to disturb the credibility determinations made by the Administrative Law Judge (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]).

However, the imposition of an assessment that amounted to the full balance of petitioner's underlying sentence constituted an abuse of discretion. We find that the maximum penalty for petitioner's parole violation that can be sustained on this record is reincarceration for a period no greater than 38 months, and we remit to respondent for imposition, in its discretion, of a new penalty consistent with this decision (*see Rob Tess Rest. Corp. v New York State Liq. Auth.*, 49 NY2d 874 [1980]). Concur—Mazzarelli, J.P., Friedman, Sweeny and Manzanet-Daniels, JJ.