*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    521186
_____

In the Matter of D.L. RILEY,
                    Petitioner,

          v                              MEMORANDUM AND JUDGMENT

GEORGE ALEXANDER, as Chair of
    the Board of Parole, et al.,
                    Respondents.
_____

Calendar Date:  March 29, 2016

Before:  Lahtinen, J.P., Egan Jr., Rose, Clark and Aarons, JJ.

_____

        D.L. Riley, Comstock, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondents.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Board of Parole revoking
petitioner's parole.

        In 1997, petitioner was convicted of a number of crimes,
the most serious of which was burglary in the first degree, after
he broke into the apartment of a former girlfriend and repeatedly
stabbed her with a knife.  He was sentenced to an aggregate
prison term of 11 to 22 years.  While in prison, he was convicted
of promoting prison contraband in the first degree.  In February
2013, he was released to parole supervision.  Seven months later,
he was charged with violating the conditions of release as a
result of incidents in which he made verbal and physical threats
against his then-girlfriend, causing her to fear for her life,
and engaged in stalking behavior.  Following preliminary and

final parole revocation hearings, an Administrative Law Judge sustained the charges, revoked petitioner's parole and imposed a 36-month time assessment. Petitioner subsequently commenced this CPLR article 78 proceeding challenging this determination.[1]

Initially, the scope of our review is limited as "[a] determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination" (Matter of Williams v Evans, 129 AD3d 1408, 1409 [2015] [internal quotation marks and citations omitted]; see Matter of McQueen v New York State Bd. of Parole, 118 AD3d 1238, 1239 [2014], lv denied 24 NY3d 907 [2014]). Here, the victim testified that she had an argument with petitioner in her apartment during which he pushed her, grabbed a knife and threatened to kill her. According to the victim, she was able to leave her apartment to get away from petitioner, but he tried to break in when she returned. She called the police and obtained a temporary order of protection that petitioner subsequently violated by, among other things, calling her, leaving telephone messages, loitering outside her apartment and following her to her job. Although petitioner maintains that the victim's testimony was unbelievable because she was highly intoxicated at the time of the argument, the weight to be accorded her testimony presented a credibility issue for the Administrative Law Judge to resolve (see Matter of Toomer v Warden of Adirondack Corr. Facility, 97 AD3d 868, 869 [2012]; Matter of Giles v Alexander, 76 AD3d 1158, 1159 [2010]). In view of the foregoing, we find that substantial evidence supports the determination revoking petitioner's parole (see Matter of Lewis v Alexander, 68 AD3d 1415, 1415 [2009]). Furthermore, we do not find that the imposition of a 36-month delinquent time assessment was excessive under the circumstances presented here (see Matter of Davis v New York State Bd. of Parole, 81 AD3d 1020, 1021 [2011]; Matter of Rosario v New York State Div. of Parole, 80 AD3d 1030, 1032 [2011]). We have considered petitioner's remaining contentions and find them to be unpersuasive.

---

[1] Although petitioner filed an administrative appeal, the disposition of that appeal is not clear from the record.

Lahtinen, J.P., Egan Jr., Rose, Clark and Aarons, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court