*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 16, 2016                    521695
_____

In the Matter of JAMES MOORE,
                    Petitioner,

       v

TINA M. STANFORD, as Chair of          MEMORANDUM AND JUDGMENT
    the Board of Parole,
    Department of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  May 26, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

                    _____


       James Moore, Rochester, petitioner pro se.

       Eric T. Schneiderman, Attorney General, Albany (Owen Demuth
of counsel), for respondent.

                    _____


Aarons, J.

       Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Board of Parole revoking
petitioner's parole.

       In 2003, petitioner was convicted of a number of crimes,
including attempted murder in the second degree and robbery in
the first degree.  He was sentenced to an aggregate prison term
of 10 years, to be followed by five years of postrelease
supervision, and was released to parole supervision in September
2011.  In March 2014, following his arrest for forcible touching,
he was charged with violating various rules governing his

parole.[1]  Specifically, as is relevant here, he was charged with violating rule number nine by possessing a compact BB gun, rule number five by failing to respond truthfully when asked if he had weapons in his residence and rule number eight by threatening the well-being of others when he hid in a laundry room to avoid apprehension.  Petitioner waived a preliminary hearing and was thereafter charged with violating additional rules.  As is relevant here, petitioner was charged with violating rule number five by falsely telling his parole officer that he was at his mother's house when the police came to his residence to arrest him.  Following a final parole revocation hearing, a determination was rendered finding petitioner guilty of the foregoing charges, revoking his parole and imposing a 24-month delinquent time assessment.  He filed an administrative appeal and, when it was not decided within four months, he commenced this CPLR article 78 proceeding challenging the determination.[2]

It is well settled that "[a] determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination" (Matter of Williams v Evans, 129 AD3d 1408, 1409 [2015] [internal quotations marks and citation omitted]; see Matter of McQueen v New York State Bd. of Parole, 118 AD3d 1238, 1239 [2014], lv denied 24 NY3d 907 [2014]).  "Notably, in order to warrant revocation, the alleged parole violation must be supported by a preponderance of the evidence" (Matter of Peck v Evans, 118 AD3d 1086, 1087 [2014] [citations omitted]; see Executive Law § 259-i [3] [f] [viii]).  Here, one police officer and two parole officers, all of whom were involved in the apprehension of petitioner at his apartment, testified at the final parole revocation hearing.  Their testimony established by

---

[1]  Petitioner previously violated his parole in March 2013 which resulted in his parole being revoked.  He was released back to parole supervision in August 2013.

[2]  Although petitioner was released to parole in March 2016, the proceeding is not moot given that his maximum expiration date is not until September 2017 (see Matter of Shook v Evans, 121 AD3d 1141, 1142 [2014]).

a preponderance of the evidence that, contrary to the rules governing his parole, petitioner possessed a BB gun and lied about having a firearm at his residence and his whereabouts when the police came to his residence to arrest him.

There was no compelling testimony, however, to substantiate the charge that petitioner violated rule number eight by allegedly threatening the well-being of others when he hid in a laundry room to evade apprehension.  The parole officer who found petitioner hiding behind the door in the laundry room stated that he was startled to unexpectedly find petitioner in that location, but indicated that petitioner was compliant and did not engage in any violent or threatening behavior.  Thus, that part of the determination finding petitioner guilty of this charge must be annulled (see Matter of Peck v Evans, 118 AD3d at 1087-1088; Matter of Kravetz v New York State Div. of Parole, 293 AD2d 843, 844 [2002], lv denied 98 NY2d 610 [2002]).  We have considered petitioner's remaining contentions and find that they are either unpreserved or lacking in merit.

Lahtinen, J.P., Rose, Lynch and Clark, JJ., concur.


ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violating rule number eight by threatening the well-being of others by hiding to evade apprehension; petition granted to that extent; and, as so modified, confirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court