■ In the Matter of SEAN FINCHER, Petitioner, v EXECUTIVE BOARD, NEW YORK STATE DIVISION OF PAROLE, Respondent. [57 NYS3d 724]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole revoking petitioner's parole.

In 2012, petitioner pleaded guilty to assault in the second

degree after he sexually assaulted his girlfriend's then two-year-old daughter. He was sentenced as a second felony offender to six years in prison, to be followed by five years of postrelease supervision. In 2014, he was released to parole supervision subject to certain conditions, including that he participate in a sex offender treatment program. Petitioner was discharged from the program prior to completion. He was subsequently charged with violating the conditions of his parole. Following preliminary and final parole revocation hearings, an Administrative Law Judge found that petitioner had failed to comply with the condition that required him to provide truthful information to his parole officer when she questioned him about his status in the sex offender treatment program. As a result, his parole was revoked and a 24-month delinquent time assessment was imposed. When the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Parole revocation decisions will be confirmed if the procedural requirements were satisfied and there is evidence which, if credited, supports the determination (*see Matter of Rodriguez v New York State Dept. of Corr. & Community Supervision*, 141 AD3d 903, 904 [2016]; *Matter of Moore v Stanford*, 140 AD3d 1438, 1439 [2016]). Here, petitioner's parole officer testified that she was informed by the program coordinator that petitioner had been discharged from the program, but that he did not mention it when she saw him following his discharge. She stated that, when she raised the issue a few days later, petitioner initially indicated that he was still enrolled in the program, but then told her that he had been discharged due to problems with Medicaid. She testified that it was not until after she placed petitioner in custody that he admitted that he had been discharged because he engaged in an argument with the program facilitator. Contrary to petitioner's claim, the parole officer's testimony provides substantial evidence supporting the finding that petitioner violated a condition of his parole (*see Matter of Williams v Evans*, 129 AD3d 1408, 1409 [2015]). We have considered petitioner's remaining contentions and find that they have either not been preserved for our review or are lacking in merit. Therefore, we find no reason to disturb the determination revoking petitioner's parole.

Egan Jr., J.P., Lynch, Rose, Devine and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.