■ In the Matter of ANTHONY BRUNSON, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION et al., Respondents. [60 NYS3d 577]—

Garry, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination revoking petitioner's parole.

In 2012, petitioner was convicted of attempted possession of a controlled substance in the third degree and sentenced to 3½ years in prison, to be followed by three years of postrelease supervision. Petitioner was released on parole supervision in January 2014; among the conditions of his release, he agreed to not possess a firearm of any type without the written permission of his parole officer. In July 2014, he was charged with violating this condition by possessing a 9 millimeter handgun, among other things. Following a final revocation hearing, the Administrative Law Judge (hereinafter ALJ) sustained that charge, classified petitioner as a category 1 violator, and ordered that he be held until the maximum expiration of his sentence. When a timely response to petitioner's administrative appeal was not forthcoming, he commenced this CPLR article 78 proceeding to challenge the revocation determination.

We confirm. Initially, we reject petitioner's contention that his due process rights were violated by the failure of the prosecution to provide photographs of the gun prior to the hearing. "The right of a criminal defendant to discover exculpatory material does not apply in the context of parole revocation proceedings" (*Matter of Alexander v New York State Div. of Parole*, 236 AD2d 761, 762 [1997]; *see Matter of Justice v Commissioner of the N.Y. State Dept. of Corr. & Community Supervision*, 130 AD3d 1342, 1343 [2015]; *Matter of Milburn v New York State Div. of Parole*, 173 AD2d 1016, 1017 [1991]).

"It is well established that a parole revocation decision will

be upheld so long as the procedural requirements were followed and there is evidence which, if credited, would support such determination" (*Matter of Peck v Evans*, 118 AD3d 1086, 1087 [2014] [internal quotation marks and citations omitted]; *see Matter of Williams v Evans*, 129 AD3d 1408, 1409 [2015]). "[I]n order to warrant revocation, the alleged parole violation must be supported by a preponderance of the evidence" (*Matter of Moore v Stanford*, 140 AD3d 1438, 1440 [2016]; *see* Executive Law § 259-i [3] [f] [viii]) and issues of credibility are for the ALJ to resolve (*see Matter of Riley v Alexander*, 139 AD3d 1206, 1207 [2016]; *Matter of Heier v Department of Corr. & Community Supervision*, 113 AD3d 1018, 1019 [2014]). Here, the ALJ credited the testimony of an acquaintance of petitioner, the acquaintance's girlfriend and a police officer that petitioner possessed a 9 millimeter handgun and that he gave the gun to the acquaintance to hold for him, after which the acquaintance reported it to the police. Although petitioner contends that the hearing testimony established that the acquaintance was too intoxicated on the day the police responded to the report of a gun to be a reliable witness, this created a credibility issue for the ALJ's resolution. Accordingly, we conclude that the determination that petitioner violated a condition of his parole is supported by a preponderance of the evidence (*see Matter of Moore v Stanford*, 140 AD3d at 1440; *Matter of Osman v Stanford*, 137 AD3d 628, 629 [2016]).

Although petitioner now contends that there was no evidence presented either to show that he did not have written permission from his parole officer to possess the gun or that the gun was operational, these issues are unpreserved for our review, as he did not raise them at the hearing or in his administrative appeal (*see People ex rel. Murray v New York State Div. of Parole*, 95 AD3d 1527, 1528 [2012]; *Matter of Nicoletta v New York State Div. of Parole*, 74 AD3d 1609, 1610 [2010], *lv dismissed* 15 NY3d 867 [2010]; *Matter of Williams v New York State Bd. of Parole*, 277 AD2d 617, 617 [2000]). Finally, petitioner's criminal history was presented at the hearing and, as it reflects that he was convicted of assault in the second degree in 2007, he was properly classified here as a category 1 violator (*see* 9 NYCRR 8005.20 [c] [1] [vii]; Penal Law §§ 70.02 [1] [c]; 120.05). Petitioner's remaining contentions, to the extent they are preserved for our review, have been considered and found to be without merit.

Egan Jr., Lynch, Mulvey and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.