Matter of Gainey v Stanford (2018 NY Slip Op 00504)





Matter of Gainey v Stanford


2018 NY Slip Op 00504


Decided on January 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2018

525122

[*1]In the Matter of CURTIS L. GAINEY, Petitioner,
v
TINA M. STANFORD, as Chair of the Board of Parole, Respondent.

Calendar Date: December 13, 2017

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Curtis L. Gainey, Rochester, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole revoking petitioner's parole and imposing a 24-month hold.
In 2001, petitioner was convicted of 18 counts of incest (People v Gainey, 4 AD3d 851, 851 [2004], lv denied 2 NY3d 799 [2004]). Petitioner was serving an aggregate prison sentence of 10 to 20 years and was released to parole supervision in March 2014. In 2015, petitioner was charged with violating the conditions of his release based on allegations that included that he had failed to pay for and participate in required sex offender treatment. After a hearing, an Administrative Law Judge sustained the charges against petitioner, finding that he had not made significant efforts to participate in sex offender
treatment, revoked his parole and imposed a 24-month hold. The Board of Parole upheld the decision, and petitioner commenced this CPLR article 78 proceeding seeking to annul the determination.
Absent a procedural error, a revocation of parole will be upheld if it is supported by substantial evidence (see Matter of Riley v Alexander, 139 AD3d 1206, 1207 [2016]; Matter of Williams v Evans, 129 AD3d 1408, 1409 [2015]). Here, the record contains evidence establishing that petitioner was financially able to pay for sex offender treatment and chose not to do so despite parole requirements that he participate in and pay for such treatment. Moreover, the record establishes both that petitioner was provided with opportunities to establish that he [*2]was entitled to a reduced fee for such treatment and that he did not take advantage of those opportunities. This proof, along with the proof that petitioner refused to agree to a payment plan or pay his arrears, provides substantial evidence supporting the determination that petitioner violated the conditions of his parole release (see Matter of Fincher v Executive Bd., N.Y. State Div. of Parole, 151 AD3d 1493, 1494 [2017]; Matter of Toomer v Warden of Adirondack Corr. Facility, 97 AD3d 868, 869 [2012]). Petitioner's testimony contradicting some of the aforementioned evidence and to the effect that he was indigent, despite his pension and workers' compensation benefits, presented a credibility determination for the Board to resolve (see Matter of Lewis v Alexander, 68 AD3d 1415, 1415 [2009]; Matter of Simpson v Alexander, 63 AD3d 1495, 1496 [2009]). Finally, petitioner's challenge to the length of his time assessment is moot given that, during the pendency of this proceeding, he was rereleased to parole supervision (see Matter of Adams v New York State Div. of Parole, 89 AD3d 1267, 1268 [2011]; Matter of Horton v Travis, 18 AD3d 922, 923 [2005]).[FN1]
Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: The revocation challenge is not moot, however, given that "petitioner was found to have been a parole violator[,] which may have lasting consequences" (Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832, 834 [1983]; see Matter of Mack v Alexander, 61 AD3d 1222, 1222 [2009]).