Matter of Partee v Stanford (2018 NY Slip Op 02225)





Matter of Partee v Stanford


2018 NY Slip Op 02225


Decided on March 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2018

524774

[*1]In the Matter of CEDRIC PARTEE, Petitioner, 
v
TINA M. STANFORD, as Chair of the Board of Parole, et al., Respondents.

Calendar Date: February 20, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Cedric Partee, Moravia, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Frederick A. Brodie of counsel), for respondents.


Egan Jr., J.P.

MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole revoking petitioner's parole.
Petitioner, who was serving a prison sentence of 25 years to life following a 1984 conviction of murder in the second degree, was released to parole supervision in 2014. Petitioner was subsequently charged with violating multiple conditions of his parole. Following a final revocation hearing, the charges alleging violations with regard to not consuming alcohol, fraternizing with a person known to have a criminal record and engaging in a physical confrontation were sustained. As a
result, petitioner's parole was revoked and a 24-month time assessment was imposed. That determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.
We confirm. "It is well established that a parole revocation decision will be upheld so long as the procedural requirements were followed and there is evidence which, if credited, would support such determination" (Matter of Brunson v New York State Dept. of Corr. & Community Supervision, 153 AD3d 1077, 1077-1078 [2017] [internal quotation marks and citations omitted]). A violation charge will only be sustained "if the charge is supported by a preponderance of the evidence adduced" (Executive Law § 259-i [3] [f] [viii]; see Matter of [*2]Moore v Stanford, 140 AD3d 1438, 1440 [2016]; Matter of Peck v Evans, 118 AD3d 1086, 1087 [2014]). Testimony at the hearing established that petitioner visited with James Chambliss, who was a parolee, and the two consumed alcohol. Thereafter, petitioner engaged in a physical altercation with Chambliss — wrestling and throwing punches — as a result of an alleged incident involving Chambliss' sister, who was married to petitioner. Furthermore, a parole officer, who was dispatched to petitioner's home that evening, testified that petitioner admitted that he had used alcohol, which was confirmed by the parole officer administering a breathalyzer test. Although petitioner offered a contrary version of events, "the weight to be accorded [the] testimony presented a credibility issue for the Administrative Law Judge to resolve" (Matter of Riley v Alexander, 139 AD3d 1206, 1207 [2016]; see Matter of Shook v Evans, 121 AD3d 1141, 1142 [2014]). In view of the foregoing, the Board's determination is supported by a preponderance of the evidence and will not be disturbed (see Matter of Brunson v New York State Dept. of Corr. & Community Supervision, 153 AD3d at 1078; Matter of Moore v Stanford, 140 AD3d at 1440).
Further, petitioner's assertion that he was denied the effective assistance of counsel is belied by the record, which reflects that petitioner was afforded meaningful representation (see Matter of Steele v New York State Div. of Parole, 123 AD3d 1170, 1170 [2014]). Petitioner's remaining contentions, including his challenge to the amendment of a charge and that he was not timely provided with the decision of the Administrative Law Judge, have been reviewed and we find them to be without merit.
Lynch, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.