Matter of Davis v Laclair (2018 NY Slip Op 06842)





Matter of Davis v Laclair


2018 NY Slip Op 06842


Decided on October 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 11, 2018

525787

[*1]In the Matter of FALON B. DAVIS, Petitioner,
v
DARWIN LACLAIR, as Superintendent of Franklin Correctional Facility, Respondent.

Calendar Date: September 13, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Falon B. Davis, Malone, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Pritzker, J.
Proceeding pursuant to CPLR article 78 (converted from an application pursuant to CPLR article 70 and then transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Board of Parole revoking petitioner's parole.
In June 1991, petitioner was sentenced to an aggregate prison term of 15 to 30 years stemming from various robbery convictions. In April 2016, petitioner was released, for the third time, to parole supervision and, shortly thereafter, was charged with violating multiple conditions of parole, including engaging in general violations of the law, failing to abide by the parole officer's instructions and failing to comply with an order of protection. Following a final revocation hearing, an Administrative Law Judge (hereinafter ALJ) sustained the charges, revoked petitioner's parole and imposed a 30-month time assessment, which is the maximum expiration of his aggregate prison term. That determination was affirmed upon administrative appeal.
Petitioner then commenced this proceeding for a writ of habeas corpus, seeking immediate release from custody on the ground that, among other things, the charges were not sufficiently sustained. Supreme Court, finding that habeas corpus relief was not available under the circumstances, treated the matter as a proceeding pursuant to CPRL article 78 and, given that an issue of substantial evidence was raised, transferred the proceeding to this Court.
Initially, we find without merit petitioner's assertion that the transcript was altered, incomplete or insufficient to permit meaningful review (see Matter of Shearer v Annucci, 155 AD3d 1277, 1278 [2017]; Matter of Graham v New York State Div. of Parole, 269 AD2d 628, [*2]629 [2000], lv denied 95 NY2d 753 [2000]). Turning to the merits, "[i]t is well established that a parole revocation decision will be upheld so long as the procedural requirements were followed and there is evidence which, if credited, would support such determination" (Matter of Brunson v New York State Dept. of Corr. & Community Supervision, 153 AD3d 1077, 1077-1078 [2017] [internal quotation marks and citations omitted]). The alleged parole violation must be supported by a preponderance of the evidence in order to warrant revocation (see Executive Law § 259-i [3] [f] [viii]; Matter of Brunson v New York State Dept. of Corr. & Community Supervision, 153 AD3d at 1078). Here, many of the theories set forth by petitioner in seeking to annul the revocation of his parole are unpreserved for our review as they were not raised at the final revocation hearing (see People ex rel. Wright v Demars, 153 AD3d 1466, 1467-1468 [2017]; People ex rel. Webster v Travis, 277 AD2d 546, 546 [2000]). Even if the issues were preserved, we would find petitioner's contentions without merit. The detailed testimony and documentation presented at the hearing, including the progress report, arrest records and terms of the order of protection, provide substantial evidence to support the determination that petitioner violated numerous conditions of his release (see Matter of Gainey v Stanford, 157 AD3d 1176, 1177 [2018]; Matter of Fincher v Executive Bd., N.Y. State Div. of Parole, 151 AD3d 1493, 1494 [2017]). To the extent that petitioner disagrees with the witnesses' versions of events upon which the charges were based, "it is within the province of the Board to resolve issues of credibility, and to determine the relative weight to be assigned to the evidence" (Matter of Mack v Alexander, 61 AD3d 1222, 1223 [2009] [internal quotation marks and citation omitted]). Further, any challenges with regard to the preliminary parole revocation hearing were rendered moot by the final parole revocation determination (see People ex rel. Wright v Demars, 153 AD3d at 1467; Matter of Nieblas v New York State Bd. of Parole, 28 AD3d 1017, 1017 [2006]).
Turning to petitioner's procedural challenges, we are unpersuaded by petitioner's contention that the ALJ improperly denied his belated request — made after the hearing commenced — to proceed pro se. We also find without merit petitioner's contention that his time assessment cannot exceed 15 months. Petitioner, as a category 1 violator, was subject to a minimum time assessment of 15 months, unless the maximum expiration of the prison sentence was less (see 9 NYCRR 8005.20 [c] [1]). No other "limitation is imposed on the . . . Board by [Executive Law § 259-i (3) (f) (x) (C)]" (People ex rel. Matthews v New York State Div. of Parole, 58 NY2d 196, 205 [1983]; see People ex rel. Timmers v Mellas, 27 AD3d 1179, 1179-1180 [2006], lv denied 7 NY3d 702 [2006]). We have considered petitioner's remaining contentions — including that he did not receive the effective assistance of counsel and that the ALJ was biased — and find that they have either not been preserved for our review or are lacking in merit. Accordingly, we find no reason to disturb the determination revoking petitioner's parole.
Egan Jr., J.P., Clark, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.