Matter of Lashway v Keyser (2019 NY Slip Op 08904)





Matter of Lashway v Keyser


2019 NY Slip Op 08904


Decided on December 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 12, 2019

528236

[*1]In the Matter of Steven Lashway, Petitioner,
v
William Keyser, as Superintendent of Sullivan Correctional Facility, Respondent.

Calendar Date: November 8, 2019

Before: Clark, J.P., Mulvey, Devine and Aarons, JJ.


Steven Lashway, Marcy, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by amended order of the Supreme Court, entered in Sullivan County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with engaging in violent conduct, refusing a direct order and violating facility movement procedures. The charges stemmed from an incident in which petitioner, who was walking with a cane in his right hand, was being escorted to his housing unit and refused a direct order from the escorting correction officer to place his left hand in his pocket. Petitioner then spun quickly toward the officer, causing the officer to use force to restrain him against the wall. Petitioner continued to resist and refused further orders to remain against the wall until other officers overheard the incident and responded, and petitioner was returned to his cell. Petitioner did not, after the incident, complain that he was injured and he was later examined in the infirmary and no injuries were found. Following a tier II disciplinary hearing, petitioner was found guilty of the charges and a penalty was imposed. The determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.
The misbehavior report and testimony of its author (the escorting officer), which were corroborated by the testimony of the other responding officers and the related documentation, provide substantial evidence to support the determination (see Matter of Woodward v Annucci, 175 AD3d 785, 785-786 [2019]). Petitioner's claim that the escorting officer assaulted and harassed him and falsified the misbehavior report created a credibility issue for the Hearing Officer to resolve (see Matter of Nelson v Annucci, 172 AD3d 1806, 1806 [2019]). With regard to petitioner's claim that he was denied videotapes of the incident, the Hearing Officer advised petitioner during the hearing that he had put in the request for the videotapes and had been advised by a named lieutenant that no such recordings were available of the corridor area where the incident occurred for the time of the incident. As the video did not exist, there is no merit to this claim (see Matter of Reyes v Keyser, 150 AD3d 1502, 1505 [2017]; Matter of Benitez v Annucci, 139 AD3d 1215, 1216 [2016]).
Petitioner argues that he did not knowingly and voluntarily waive his right to be present at the hearing and that he was denied the right to question the block officer, who appeared as a witness after he left the hearing. These arguments, however, are unpreserved, as petitioner did not raise them on administrative appeal (see CPLR 7803; Matter of Haigler v Lilley, 173 AD3d 1597, 1598 [2019]; Matter of Brunson v New York State Dept. of Corr. & Community Supervision, 153 AD3d 1077, 1078 [2017]). Petitioner's remaining claims, to the extent that they are preserved for our review, have been reviewed and found to be without merit.
Clark, J.P., Mulvey, Devine and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.