Matter of Coleman v Annucci (2021 NY Slip Op 06076)





Matter of Coleman v Annucci


2021 NY Slip Op 06076


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Renwick, J.P., Singh, Kennedy, Rodriguez, Pitt, JJ. 


Index No. 260576/19 Appeal No. 14597 Case No. 2020-04515 

[*1]In the Matter of David Coleman, Petitioner,
v
Anthony Annucci, Acting Commissioner, New York State Department of Corrections and Community Supervision, Respondent.


Janet E. Sabel, The Legal Aid Society, New York (Naila Siddiqui of counsel), for appellant.
Letitia James, Attorney General, New York (Eric Del Pozo of counsel), for respondent.



Determination of respondent, dated January 28, 2020, which, after a hearing, revoked petitioner's parole and ordered him held until the expiration of his maximum sentence, unanimously annulled insofar as it ordered petitioner reincarcerated until the expiration of his maximum sentence, the matter remitted to respondent for imposition of a new penalty, the petition pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, Bronx County [Fernando Tapia, J.], entered on or about August 25, 2020), granted to the extent indicated, and the determination otherwise confirmed, without costs.
The conditions of petitioner's release to parole supervision were established through both testimony and documentary evidence admitted at the hearing (see Executive Law § 259-i[3][f][vi]). Furthermore, the determination that petitioner violated the terms of his parole is supported by substantial evidence (see generally Matter of Muldrow v New York State Dept. of Corr. & Community Supervision, 110 AD3d 425, 426 [1st Dept 2013]). The evidence amply shows that petitioner possessed a smartphone without first obtaining permission from his parole officer and also used the smartphone to access three social media sites without first obtaining permission from his parole officer, thus violating conditions of his release. The evidence also establishes that petitioner knowingly possessed sexually explicit or erotic photos after the conditions of release were imposed, even if he had first obtained some of the photos beforehand. We find no reason to disturb respondent's credibility determinations (see Matter of Riel v State of N.Y. Off. of Children & Family Servs., 175 AD3d 1166, 1167 [1st Dept 2019]).
However, respondent abused its discretion when it imposed an assessment that amounted to the full balance of petitioner's post-release supervision, an amount more than two times greater than petitioner's underlying prison term (see e.g. Matter of Osman v Stanford, 137 AD3d 628 [1st Dept 2016]). We find that the maximum penalty for petitioner's parole violation that can be sustained on this record is reincarceration for a period no greater than 30 months, and we remit to respondent for imposition, at its discretion, of a new penalty consistent with this decision.
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021